UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61265-CIV-DIMITROULEAS/ROSENBAUM

SABRINA HARVEY,

    Plaintiff,

v.

WEST ACQUISITIONS AND INVESTMENT
GROUP, INC., a Florida corporation, and
STEVEN WEST, individually,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Responsive Documents to Plaintiff's First Request for Production ("Plaintiff's Original Motion to Compel") [D.E. 13], Plaintiff's Motion to Compel Better Answers to Interrogatories ("Plaintiff's Motion to Compel Better Answers") [D.E. 15], and Plaintiff's Motion to Grant by Default Plaintiff's Motion to Compel Better Answers to Interrogatories ("Plaintiff's Motion to Grant by Default") [D.E. 21].[1] On January 28, 2008, the Court held a hearing on these Motions. Upon consideration of the Motions, the argument presented by the parties at the January 28th hearing, and the case file, the Court then orally denied as moot Plaintiff's Original Motion to Compel as it sought documents responsive to

---

[1] By Order of January 8, 2008, the Honorable William P. Dimitrouleas referred to the undersigned for "appropriate disposition" all pretrial discovery motions and all motions that relate directly to these motions. [D.E. 20].

Plaintiff's First Request for Production[2] and granted Plaintiff's Motion to Compel Better Answers to Interrogatories and Plaintiff's Motion to Grant by Default. Additionally, the Court awarded costs and fees incurred by Plaintiff in filing her Motion to Compel Better Answers. This Order memorializes the Court's ruling.

## I. BACKGROUND

According to Plaintiff's Original Motion to Compel, Plaintiff served her First Set of Interrogatories and First Request for Production on Defendants on November 2, 2007. D.E. 13-1 at ¶1. Defendants requested and received an extension of time to respond to these discovery requests until December 10, 2007. *Id.* at ¶2. When December 10th arrived, however, Defendants did not provide Plaintiff with their discovery responses. *Id.* Consequently, Plaintiff filed her Original Motion to Compel, seeking answers to her First Set of Interrogatories and documents in response to her First Request for Production. [D.E. 13]. In this Original Motion, Plaintiff also claimed that she needed the responses to the outstanding discovery requests prior to the deposition of Defendants' corporate representative, which was then set for December 18, 2007. Thus, Plaintiff also requested that any order compelling production require such production "within three (3) days of the Court's Order on this Motion, but no later than Friday, December 14, 2007, at 12:00 p.m." D.E. 13 at ¶5.

On December 14, 2007, Defendants filed their response to Plaintiff's First Set of Interrogatories. D.E. 15 at ¶2. Defendants also provided Plaintiff with some documents, although Defendants provided no written response to Plaintiff's Request for Production at that time. *Id.* at p. 1, n.1. In response to these developments, on December 18, 2007, Plaintiff filed her Motion to

---

[2]Previously, the Court denied as moot that portion of D.E. 13 seeking to compel answers to Plaintiff's First Set of Interrogatories. *See* D.E. 23 at p. 2.

Compel Better Answers. [D.E. 15]. More specifically, Plaintiff complained about Defendants' answers to Interrogatories 8 and 11 through 14, all of which consisted in their entirety of the following response: "Attorney objects to this question, as it asks for information that reaches beyond the scope of this action." *Id.* In her Motion to Compel Better Answers, Plaintiff also described her Original Motion to Compel as "moot" with respect to its request to compel answers to Plaintiff's First Set of Interrogatories, but Plaintiff indicated that as a result of Defendants' failure to provide a written response to Plaintiff's First Request for Production, Plaintiff could not determine whether Defendants had, in fact, given Plaintiff all responsive documents. *Id.* at p. 1, n.1.

On January 8, 2008, Plaintiff filed her Notice of Defendants' Failure to Respond to and Request to Grant by Default Plaintiff's Motion to Compel Better Answers to Interrogatories. [D.E. 21]. In this filing, Plaintiff noted that as of January 8, 2008, Defendants had not yet responded to Plaintiff's Motion to Compel Better Answers. Hence, Plaintiff sought an order from this Court granting by default Plaintiff's Motion to Compel Better Answers.

This Court issued an Order on January 10, 2008, in which it denied as moot Plaintiff's Original Motion to Compel as it related to Plaintiff's First Set of Interrogatories, based on Plaintiff's concession that the Motion had become moot upon Defendants' December 14th service of their answers to the Plaintiffs' First Set of Interrogatories. Additionally, the Court ordered Defendants to show cause in writing by no later than January 16, 2008, why the Original Motion to Compel, which regarded Plaintiff's First Request for Production, should not be granted. The Court also required Defendants to show cause in writing why Plaintiff should not be awarded reasonable attorney's fees for having to file her Original Motion to Compel. In so doing, the Court explicitly stated with respect to Plaintiff's Original Motion to Compel as it pertained to the Production

Requests and attorney's fees and costs, "Defendants' failure to comply with this Order may constitute grounds for the Court to grant this part of Plaintiff's Motion to Compel by default." D.E. 23 at p. 2. Finally, the Court reminded Defendants that, as a result of the four Court holiday days that fell after Plaintiff filed her Motion to Compel Better Answers and her Motion to Grant by Default, Defendants' responses to these Motions were due January 10 and 25, 2008, respectively. The Court did not address these Motions at that time. *Id.* at p. 1, n.1. Defendants filed no response to the January 10th Order to Show Cause.

Because Defendants also failed to respond to Plaintiff's Motion to Compel Better Answers [D.E. 15], on January 11, 2008, the Court issued another Order to Show Cause – this time requiring Defendants to show cause in writing by no later than January 18, 2008, why Plaintiff's Motion to Compel Better Answers [D.E. 15] should not be granted. [D.E. 27]. Again, the Court specifically cautioned, "Defendants' failure to comply with this Order shall constitute grounds for the Court to grant Plaintiff's Motion to Compel by default." *Id.* at p. 2. Once again, Defendants filed no response.

Also on January 11, 2008, the Court issued an Order Setting Hearing. [D.E. 26]. In this Order, the Court set for hearing Plaintiff's Motion to Compel as it related to her Production Requests [D.E. 13], Plaintiff's Motion to Compel Better Answers [D.E. 15], and Plaintiff's Motion to Grant by Default [D.E. 21]. With respect to the purpose of the hearing, the Court instructed, "All parties should be prepared to address these Motions substantively, as well as to address Plaintiff's request for attorney's fees and costs related to these Motions during the hearing." D.E. 26 at p. 2.

As of January 28, 2008, at the time of the hearing in this case, the docket sheet in this case bore no entries for any responses by Defendants to Plaintiff's Original Motion to Compel [D.E. 13],

Plaintiff's Motion to Compel Better Answers [D.E. 15], Plaintiff's Motion to Grant by Default [D.E. 21], the Court's January 10, 2008, Order to Show Cause [D.E. 23], or the Court's January 11, 2008, Order to Show Cause [D.E. 27].  Nor did Defendants file any motions seeking an extension of the response time or any other appropriate action with respect to any of these filings.

## II.  *JANUARY 28, 2008, HEARING*

At the beginning of the hearing on January 28th, the Court asked whether the Original Motion to Compel was still pending as it related to Plaintiff's First Request for Production.  Plaintiff's counsel announced that the parties had resolved that issue.

Thus, the Court proceeded to the matter of Plaintiff's Motion to Compel Better Answers, and granted Plaintiff's Motion to Compel Better Answers, directing Defendants to provide complete responses by 5:00 p.m., Friday, February 8, 2008.  The Court then turned to the matter of fees and costs.  As the Court indicated, Rule 37(a)(4), Fed. R. Civ. P., provides the framework for consideration of Plaintiff's request for fees and costs.  Rule 37(a)(4) provides, in relevant part,

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In discussing the intent of Rule 37(a)(4), the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, "The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."  *See also Devaney v. Continental Amer.*

-5-

*Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified.").

"[D]iscovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney*, 989 F.2d at 1163 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted)). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

Against this backdrop, the Court provided Defendants with an opportunity to educate the Court about any facts, circumstances, or argument that would render substantially justified Defendants' inaction with respect to Plaintiff's Motions and the Court's Orders to Show Cause, or would otherwise demonstrate an award of fees and costs to Plaintiff to be unjust. Defendants then explained that they were in the process of attempting to find new local counsel to assist their attorney who had been admitted to practice *pro hac vice* with respect to the current case. They further noted the occurrence of the holidays in December and early January, as well informing the Court that Defendants' *pro hac vice* counsel is a solo practitioner handling numerous other matters that also require his attention. Finally, Defendants suggested that Plaintiff appears before the Court with "unclean hands" because, in defense counsel's opinion, Plaintiff has not settled this case because her counsel is allegedly improperly attempting to amass additional fees.

Plaintiff's counsel immediately responded, denying Defendants' allegation in its totality. The Court notes that Defendants make a serious allegation, and reminds both attorneys that they are

obligated to comply with their ethical responsibilities at all times when practicing before this Court. As for Defendants' suggestion that Plaintiff's counsel may have participated in unethical conduct in the course of litigating this case, the Court's review of the record in this case does not provide support on its face for Defendants' allegations. Nor did Defendants enter evidence of such misconduct into the record at the hearing. In the absence of any evidence supporting this allegation, the Court declines to rely upon the allegation in denying an award of fees that would otherwise be proper.

In this case, as the Court announced at the hearing, while the Court is not unsympathetic to defense counsel's staffing issues or the desire to take time off during the holidays, the fact remains that Defendants did not miss a single deadline only. Rather, Defendants originally failed to respond to Plaintiff's discovery requests. And to date, Defendants have filed no response whatsoever to Plaintiff's Original Motion to Compel, Plaintiff's Motion to Compel Better Answers, Plaintiff's Motion to Grant by Default, the Courts January 10th Order to Show Cause, and the Court's January 11th Order to Show Cause, despite express warnings in the Orders to Show Cause that failure to respond might result in the Court's granting of the Motions at issue, including the awarding of fees and costs. Moreover, these failures occurred over a time period lasting close to two months. Under these circumstances, where a pattern of failures to respond and comply exists over several weeks, the Court cannot find that the occurrence of four Court holidays during that period, or defense counsel's staffing problems, as difficult as they may be for defense counsel, can make an award of fees and costs unjust.

The Court similarly cannot credit Defendants' other explanation for not responding – that they were looking for replacement local counsel beginning on or about January 10, 2008 – as

substantially justifying Defendants' failures to respond. First, some of the failures to respond occurred before Defendants filed indicated that they even began searching for replacement counsel. Second, during this time period, Defendants continued to be represented by *pro hac vice* counsel, who could have and should have found a way to respond. And third, original local counsel has since filed a document on behalf of *pro hac vice* counsel and Defendants, leaving the Court to wonder why he could not have done the same with respect to any responses Defendants' *pro hac vice* counsel may have wished to file with regard to Plaintiff's Motions and the Court's Orders to Show Cause. In short, while the Court recognizes that Defendants may have had to overcome some inconveniences to respond to Plaintiff's Motions and the Court's Orders to Show Cause, the Court, nonetheless, finds that reasonable people would not disagree that Defendants could have and should have filed something.

The record here further reflects that Plaintiff originally provided Defendants with an extension of time to respond to the production requests, and Defendants still failed to comply. Additionally, the Court expressly put Defendants on notice through its January 10the and January 11th Orders of the deadlines for Defendants to file their responses to Plaintiff's Motions and to the Court's Orders and warned Defendants of the consequences for failing to comply. Nor, as discussed above, does the record indicate the existence of any other circumstances making an award of expenses unjust.

In view of the lack of justification for Defendants' non-compliance, Plaintiff's attempt to resolve the situation outside of Court, the Court's repeated notices to Defendants of their obligation to respond and warnings to Defendants of the consequences of failing to do so, and the absence of circumstances making an award of expenses otherwise unjust, Rule 37(a)(4) requires the Court in

this case to impose upon Defendants sanctions in the form of costs and fees incurred by Plaintiff in filing her Motion to Compel Better Answers.

The Court notes that it was not explicit at the January 28th hearing in identifying the Motion for which it was imposing fees and costs. As stated above, the Court awards costs and fees with respect to the Motion to Compel Better Answers, which was the second Motion Plaintiff had to file to secure Defendants' compliance. The Court declines to award fees with regard to the Original Motion to Compel. Although Defendants should not have taken advantage of Plaintiff's willingness to extend the deadline by failing to respond in a timely manner, the record reflects that Defendants did ultimately respond, albeit four days late, and the parties were ultimately able to resolve the Original Motion to Compel on their own, prior to the January 28th hearing. While the Court does not wish to encourage untimely responses, the Court finds that the award of fees and costs with respect to the Motion to Compel Better Answers should suffice in this case to deter future noncompliance. Simultaneously, this award should offset a significant portion of the expenses incurred by Plaintiff in having to file her Motions to Compel. Under these circumstances, the Court finds that an award of fees and costs with respect to the Original Motion to Compel would not be just.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Compel [D.E. 13], to the extent that it pertains to Plaintiff's Request for Production, is hereby **DENIED as moot**, and to the extent that it seeks costs and fees, is hereby **DENIED.**

2. Plaintiff's Motion to Compel Better Answers [D.E. 15] is hereby **GRANTED.**

Additionally, Plaintiff's request for costs and fees incurred in filing her Motion to Compel Better Answers is also **GRANTED**.  Within **30 days of the entry of this Order**, Plaintiff shall file with the Court an affidavit setting forth the reasonable costs and fees incurred with respect to the filing of its Motion to Compel Better Answers and the January 28th hearing.  Defendants shall have **10 days from the filing of Plaintiff's Affidavit** to object to the fees and costs claimed.

  3.  Plaintiff's Motion to Grant by Default [D.E. 21] is hereby **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of January, 2008.

                 */s/ Robin S. Rosenbaum*
                 ROBIN S. ROSENBAUM
                 United States Magistrate Judge

cc:  Honorable William P. Dimitrouleas
   Counsel of record